UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW J. SIKORA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA et al. and CLANDESTINE / SECRETIVE / COVERT / SINISTER / EVIL ASSAILANTS in Relation to SAME,<br><br>　　Defendants. | Case No. 2:19-cv-00395-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Matthew Sikora's Complaint (Dkt. 1) and Application for Leave to Proceed in Forma Pauperis (Dkt. 2).[1] Pursuant to 28 U.S.C. § 1915, this Court must review Sikora's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Sikora's Complaint to ensure it meets the minimum required standards.

---

[1] Also pending before the Court is Sikora's "Motion to request the Court to attach affidavits." Dkt. 5. This motion is, in essence, a request to attach additional information to the Complaint. Although substantively these documents add little to the Court's analysis, the Court will grant the motion and give the materials the weight it deems appropriate.

ORDER – 1

For the reasons explained below, the Court GRANTS Sikora's Application to proceed in forma pauperis and will allow him to pay the filing fee over time; however, in light of the Court's review of Sikora's Complaint, the Court must also DISMISS this case and allow Sikora an opportunity to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Sikora's application to proceed in forma pauperis and finds that while it is in the proper form, it does not establish his indigence. In his application, Sikora reports that his gross monthly income is $1,793—most of which is derived from retirement and disability payments—and that his monthly expenses are about $1,220. Dkt. 2, at 2, 4. While Sikora's income is not large, neither are his expenses. In short, Sikora has not sufficiently proven his indigence under 28 U.S.C. § 1915, and may not proceed without

the prepayment of the requisite filing fees; however, the Court will allow Sikora to pay this fee over time to reduce the financial burden it might otherwise cause. Sikora will be required to pay the fee in $100 monthly installments.

As will be explained in the next section, however, the Court must dismiss this case due to Sikora's failure at the present time to allege valid causes of action. The Court will, nonetheless, grant Sikora an opportunity to amend his Complaint. The Court next turns to its initial review of Sikora's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Sikora levies various allegations against unnamed defendants. It is difficult to describe the nature of these claims, but in essence, Sikora claims that since 1992 defendants—including the United States and other unnamed agencies/individuals—have secretly and repeatedly attacked his body and mind by means of "illegal and unlawful electronic and 'static' shocking devices," and used "mind and thought controls attacks/scams," in a "cagey clandestine manner." Dkt. 1, at 3. Sikora request eleven (11) million dollars for this "civil rights action" in order to stop the "brutality, torture, [and] sexual assault," perpetrated on him by by Defendants, the "downloading" and "transmission" of "materials" to his mind by Defendants, and for relief from Defendants "shape shifting [his] mind into a sewer of filth, [] hate, [] and deviate [sic] behavior." Dkt. 1, at 4.

In the various attachments, Sikora recounts experiences over the last 25+ years that amount to what he describes as torture and conspiracy. *See generally,* Dkts. 1-1, 5.

As a threshold matter, the Court notes that most of the defendants—or more particularly Sikora's identification of many of them—is insufficient. Identifying the "United States of America," "et al states within the same," and "clandestine/secretive/covert/sinister/evil assailants" are too broad for the Court to even categorize who Sikora is suing.

Similarly, all of Sikora's claims lack specificity and any indication of what legal theory he is relying on against any specific defendant. It is, frankly, difficult to parse out what exactly is at issue in this case. Sikora's claims resemble a science fiction novel. The Court, however, cannot allow a lawsuit to proceed until Sikora can allege actual, specific

facts against named individuals or entities and identify what law or statue was violated and why he is entitled to relief.

At present, none of the allegations in Sikora's Complaint rise to the level of legal claims with available remedies. In short, Sikora has not alleged coherent facts to support any *legal* claim for relief and must amend his Complaint to allow this case to proceed.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Sikora may be able to state a claim upon which relief can be granted, the Court will allow him an opportunity to amend his Complaint to remedy the following deficiencies.

First, Sikora must state specific plausible legal claims against actual individuals or organizations. Second, Sikora must detail the entire factual background giving rise to any individual claim. Allegations unsupported by fact will not be accepted—that is to say, Sikora must outline objective, relevant, known facts; not give his personal opinions. Finally, due to the lack of details in Sikora's Complaint, the Court is also unsure whether it has jurisdiction over these disputes in the first place. Federal courts are courts of limited jurisdiction. Sikora must explain how this court has jurisdiction to hear these specific claims.

### IV. CONCLUSION

While Sikora appears to have limited resources, he does have sufficient funds to pay the required filing fee over time. Additionally, upon review, the Court finds that Sikora has not stated any plausible claims for relief and must amend his Complaint.

ORDER – 5

# V. ORDER

1. Sikora's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) is GRANTED. Sikora need not prepay the fee *in full*; however, he must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, with the first payment due January 31, 2020, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in dismissal of this case without further notice.

2. Sikora's Complaint (Dkt. 1) is deficient as it fails to state any claims upon which relief can be granted. His Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court GRANTS Sikora leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Sikora must file his Amended Complaint within sixty (60) days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

4. Sikora's Motion (Dkt. 5) is GRANTED.

DATED: January 22, 2020

_____
David C. Nye
Chief U.S. District Court Judge